1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  LISA SCIANDRA, State Bar No. 246532
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5846
    Fax:  (415) 703-5480
8   Email:  Lisa.Sciandra@doj.ca.gov

9  Attorneys for Defendants Hickman and Horel

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

|  |  |
|---|---|
| **MANUEL HILL,** | Case No. C 07-5125 JF |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** |
| v. |  |
| **RODERICK HICKMAN, et al.,** |  |
| Defendants. |  |

20       TO PLAINTIFF MANUEL HILL, PRO SE:

21       PLEASE TAKE NOTICE that Defendants Evans (Defendants) move the Court to dismiss

22  this action under Federal Rule of Civil Procedure 12(b) because Plaintiff Manuel Hill (Plaintiff)

23  failed to exhaust his administrative remedies before filing this action, as required by the Prison

24  Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

25       PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

26  decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

27  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Plaintiff may provide evidence to the

28  Court to dispute that which is presented by Defendants. *Id.* at n.14.

1    This motion is based on this Notice, the following Memorandum of Points and

2    Authorities, the declarations and exhibits filed in support of this motion, the proposed order, and

3    the pleadings and records on file with the Court in this action.

### MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUE PRESENTED

6    The PLRA requires inmates to exhaust their available administrative remedies before

7    filing a federal civil rights action. Should this Court dismiss this action because Plaintiff's

8    administrative appeals either do not concern the one recognized claim or were not exhausted to

9    the requisite third level of review?

### STATEMENT OF THE CASE

11    Plaintiff Manuel Hill, CDCR number E-45048, is a state prisoner incarcerated at Pelican

12    Bay State Prison (Pelican Bay). Plaintiff filed a complaint under 42 U.S.C. § 1983 that presents

13    an Eighth Amendment claim against Defendants Hickman and Horel for deliberate indifference

14    to Plaintiff's serious medical needs. (Order of Service, Docket No. 6, at 2:17-20.) This Court

15    reviewed the complaint under 28 U.S.C. § 1915A, found that liberally construed Plaintiff has

16    alleged a cognizable Eighth Amendment claim, and ordered service on Defendants Hickman and

17    Horel. (*Id.* at 2:23-3:4.)

### STATEMENT OF FACTS

19    In his Complaint, Plaintiff alleges that when he entered a shower at Pelican Bay he

20    stepped on a slippery floor and fell, landing on and injuring his back. (Compl. at 3 ¶ 7.) Plaintiff

21    further alleges that in the three months following his alleged back injury he was not given

22    adequate medical care for the injury at Pelican Bay. (Compl. at 3 ¶ 8 to 8 ¶ 22.) During that

23    time, Plaintiff alleges that he experienced severe back pain. (*Id.*)

24    The following two inmate appeals, which Plaintiff attaches as Exhibits A and D to his

25    complaint, are the only inmate appeals Plaintiff submitted to the Appeals Coordinator at Pelican

26    Bay that could possibly exhaust the claim in this action:

27    In appeal log number PBSP 05-02880, Plaintiff alleges that the showers in his housing

28    unit are not safe because there are no slip-prevention measures. (Decl. Wilber at Ex. B; Compl.

Defs.' Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.                    *M. Hill v. R. Hickman, et al.*
C 07-5125 JF

1 | at Ex. A, 2.)  This appeal was denied at the third, or Director's, level of review.  (Decl. Wilber at

2 | Ex. B; Decl. Grannis at Ex. C; Compl. at Ex. A, 1.)

3 |         In appeal log number PBSP 05-02833, Plaintiff alleges that he has not received adequate

4 | medical care for his back injury.  (Decl. Wilber at Ex. C; Compl. at Ex. D, 50.)  This appeal was

5 | granted at the second level of review, but Plaintiff was advised that the appeal could be

6 | submitted to the Director's level of review.  (Decl. Wilber at Ex. C; Compl. at Ex. D, 52.)

7 | Plaintiff failed to submit the appeal through the Director's level of review.  (Decl. Grannis at Ex.

8 | C.)

9 | **SUMMARY OF ARGUMENT**

10 |         This action should be dismissed under Federal Rule of Civil Procedure 12(b) because

11 | Plaintiff failed to exhaust his available administrative remedies before filing suit in federal court.

12 | Although Plaintiff submitted two inmate appeals that he alleges exhaust his claim, he instead

13 | failed to exhaust the claim in this action because his administrative appeals either do not concern

14 | the claim recognized by this court or were not exhausted to the requisite third level of review.

15 | **ARGUMENT**

16 | **THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF**
**FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

17 |

18 | **A.    The PLRA Requires that Inmates Exhaust Available Administrative**
**Remedies.**

19 |         The PLRA requires that an inmate exhaust all available administrative remedies before

20 | filing a civil rights action in federal court.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516,

21 | 524 (2002); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Moreover, the

22 | Supreme Court has held that exhaustion of available remedies requires that a prisoner "properly

23 | exhaust," which means that "prisoners must complete the administrative review process in

24 | accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but

25 | by the prison grievance process itself."  *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal

26 | citations and quotation marks omitted) (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006)).

27 | Therefore, "[c]ompliance with prison grievance procedures . . . is all that is required by the

28 | PLRA to 'properly exhaust.'"  *Id.*

Defs.' Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.                              *M. Hill v. R. Hickman, et al.*
                                                                                    C 07-5125 JF

1    The State of California allows inmates to appeal "any departmental decision, action,

2 condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

3 Cal. Code Regs. tit. 15, § 3084.1. The appeal process in California consists of these levels of

4 review: (1) informal level; (2) first formal level; (3) second formal level; and (3) third formal

5 level, also known as the Director's level review. *Id.* § 3084.5. A decision at the third formal

6 level, or Director's level, of review constitutes exhaustion of available administrative remedies.

7 *Id.* §§ 3084.1(a), 3084.5(e)(2).

8    When an inmate-plaintiff fails to exhaust, a defendant may file a non-enumerated 12(b)

9 motion to dismiss. *Wyatt*, 315 F.3d at 1119-20 (9th Cir. 2003). In ruling on such a motion a

10 court may look beyond the pleading to decide disputed issues of fact. *Id.* The proper disposition

11 for failure to exhaust is dismissal without prejudice. *Id.* at 1120.

12

13    **B.    Appeal Log Number PBSP 05-02880 Does Not Exhaust the Recognized Claim
     Because it Does Not Address Medical Needs.**

14    The PLRA's exhaustion requirement exists in part to give the agency "'an opportunity to

15 correct its own mistakes with respect to the programs it administers before it is haled into federal

16 court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford*, 126 S. Ct. at

17 2385 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

18    Here, Plaintiff's appeal log number PBSP 05-02880 does not concern the recognized

19 claim in this action under the Eighth Amendment for deliberate indifference to serious medical

20 needs, and therefore Plaintiff did not give CDCR an opportunity to correct the alleged mistakes

21 through this appeal before Plaintiff haled the defendants into federal court. More specifically,

22 this Court recognized only one claim in this action, which is an Eighth Amendment claim for

23 deliberate indifference to serious medical needs. (Docket No. 6 at 2:17-20.) Plaintiff's

24 allegations in appeal log number PBSP 05-02880, however, do not concern deliberate

25 indifference to serious medical needs. Plaintiff instead alleges in this appeal that the showers in

26 his housing unit are not safe because there are no slip-prevention measures. (Decl. Wilber at Ex.

27 B; Compl. at Ex. A, 2.)

28    Therefore, in appeal log number PBSP 05-02880 Plaintiff did not give CDCR an

Defs.' Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.                    *M. Hill v. R. Hickman, et al.*
                                                                          C 07-5125 JF

1  opportunity to correct its alleged mistakes s claim before he haled the defendants into federal

2  court, and thus this action should be dismissed.

3

4         **C.**     **Plaintiff Failed to Exhaust Appeal log number PBSP 05-02833 Because He Did Not Submit it Through the Requisite Third Level of Review.**

5        Under California prison grievance procedures, a decision at the third formal level, or

6  Director's level, of review constitutes exhaustion of available administrative remedies. Cal.

7  Code Regs. tit. 15, §§ 3084.1(a), 3084.5(e)(2); (Decl. Grannis at 2 ¶ 3).

8        Here, Plaintiff failed to exhaust appeal log number PBSP 05-02833 through the requisite

9  third level of review. In appeal log number PBSP 05-02833, Plaintiff alleges that he has not

10  received adequate medical care for his back injury. (Decl. Wilber at Ex. C; Compl. at Ex. D, 50.)

11  This appeal was granted at the second level of review. (Decl. Wilber at Ex. C; Compl. at Ex. D,

12  52.) But the appeal response also put Plaintiff on notice that he had not exhausted this appeal

13  and that there was still a remedy available to him at the third, or Director's, level of review if he

14  was dissatisfied with the second level appeal response. More specifically, the second level

15  appeal response states: "The appellant is advised that *this issue may be submitted for a*

16  *Director's Level of Review* if desired." (*Id.*, emphasis added.) Plaintiff, however, failed to

17  submit this appeal to the third level of review. (Decl. Grannis at Ex. C.)

18        Thus Plaintiff failed to exhaust this appeal, and so this action should be dismissed.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Defs.' Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.        *M. Hill v. R. Hickman, et al.*
                                                            C 07-5125 JF

1

## CONCLUSION

2    Defendant respectfully requests that the Court dismiss this action under Federal Rule of

3  Civil Procedure 12(b) because Plaintiff failed to exhaust his available administrative appeals for

4  the claim in this action.

5          Dated: May 16, 2008

6                              Respectfully submitted,

7                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

8                              DAVID S. CHANEY
                               Chief Assistant Attorney General

9
                               FRANCES T. GRUNDER
10                             Senior Assistant Attorney General

11                             MICHAEL W. JORGENSON
                               Supervising Deputy Attorney General

12

13

14

15                             LISA SCIANDRA
                               Deputy Attorney General
                               Attorneys for Defendants Hickman and Horel

16

17
     40248473.wpd
18   SF2008401059

19

20

21

22

23

24

25

26

27

28

Defs.' Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.                    *M. Hill v. R. Hickman, et al.*
                                                                          C 07-5125 JF

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **M. Hill v. R. Hickman, et al.**

No.:    **C 07-5125 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>May 16, 2008,</u> I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

**DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS w/Exhibits A, B & C**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS w/Exhibits A, B & C**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Manuel Hill (E-45048)
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 16, 2008, at San Francisco, California.

|  |  |
|---|---|
| M. Luna | *M. Luna* |
| Declarant | Signature |

40254837.wpd