IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**ORIGINAL FILED**

Manuel Hill
   Plaintiff,
  vs
Rodrick Hickman, Robert Horel, Etc.
   Defendants

2008 JUL 30 P 2: 54

C07-5125-JF

CDT-5125JF RICHARD W. WIEKING
Plaintiff Notice CLERK Motion and
Motion In Opposition to dismiss
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.



To: Defendant(s) Rodrick Hickman, et.al,
Plaintiff Manuel Hill by and through pro se litigation Hereby
Respectfully submits the following in the aboved entitled case.
1. Plaintiff is within the custody of the California Department
of Corrections.
2. Plaintiff denies that he has been provided adequate medical
care. As it is well-established that Plaintiff has sever permanant disability
3. Plaintiff admits that he was seen by medical staff at Pelican
Bay State Prison (PBSP). However petioner denies that he has
not complained of back pain.
4. Plaintiff admits that his back pains was not threating. However even
a modest back pain can become fatal if it's not treated correctly.(see
Declaration of Petioner in support)
5. Plaintiff admits that he was seen by several Pelican Bay State Physicians
concerning his back pain.
6. Plaintiff is not familure with the Pelican Bay State Prison policy
which dictates who will recieve appliances/medical treatment. Plaintiff
denies that the policy , as applied to his case, meets Eighth Amendment
requirement of appropriate medical care.
7. Plaintiff admits that he is not a medical doctor. However, it is
well established that Plaintiff has not been offered a cure for Chronic
Back Pain.
8. Plaintiff has exhausted all administrative remedies.
9. Plaintiff treatment does constitute cruel and unusual because Plaintiff
is being denied a cure and advised. As a medical solution. After 2005 injury.
10. Except as expressly admitted above, Plaintiff denies generally and
specifically each and every allegation of the return.
Plaintiff further contends that his grounds for Federal Relief remains
viable and demands the attention of courts. Request Evidentuary Hearing
into all Motions. This is supported by the attached Memorandum of points

(1)

and Authorities. Further supported by documents previously sumbmitted by Plaintiff and any other information that the Court may deem relevent.

MEMORANDUM OF POINTS AND AUTHORITIES

A. Summary Of Arguements.

Plaintiff has been diagnosed with chronic back pain which is preventing his ability to signicantly affects his individual daily acts.

Rather than provide Plaintiff with surgical/Appliance cure when first complained, Plaintiff has been denied, the solution is unreasonable, unconstitutional.

B. Governing Law.

1. Thus, the prisoner is not obisated to pursue the appeal through the third level in order to exhaust administrative.Brady v.Attysala c9th cir.2002)196 f.supp.2d,016 Gomez v. Winslow (N.D.cal.2001)177 f.supp 2d 977, 984-985.

2.California code resolutions title 15,§§ 3084.5 cd)<u>Level of Appeal Review and Disposition Third Formal Level (d)</u>. Third level is for review of Appeal not requested at second level.<u>See: Second level response Dated 1/19/06 findings. Review by Review Board decision!</u> The Appeal is granted log#:P.B.S.P.-C-05-02833 all Pera Requires Exhaustion of administrative remedies.

3. Inmates right to medical care-<u>Estelle v.Gamble.</u>

The leading case involving an allegation of inadeouate medical care is<u>Estelle v. Gamble</u>429 US 97(1976).U.V. Gamble, an inmate in a Texas prison advised that he had hurt his back during a work assignment and that the medical care he had required for that injury was inadequate. He concedes that he had been given some treatment having been seen by doctors eleven times and by medical assistance an aditional six times. In the three months after the injury he claimed however, that more should have been done by way of diagnosis and treatment and suggestion a number of options that were not pursued. <u>Id</u> at 107.

The Supreme Court noted that the Eighth Amendment prohibited punishment that involves the unnessary and waton infliction of pain. Id. At 103(qouting <u>Greg v. Georgia</u>,428 US 153(1976). The prinicipal" Established] The Government's obligation to provide medical care to those it is punishing by incarceration." <u>Id.</u> The Court concluded that deliberate indifferences to serious medical needs of prisoners constitutes the unncessary and wanton infliction of pain"...Proscribed by the Eighth Amendment.<u>Id.</u> At 104. It is this standard that has since governed all cases of prisoner

(3)

eeking to challenge the adequacy of medical caregiven them. Indeed, the court found that this standard was substantially identical to the standards that has been adopted by the circut courts. Id. At 104 note 14.

4. California code of resolution title 15§§ 3085(k) <u>Disability Grievances.</u>

   An Inmate or Parolee with a permanent disability who is requiring a reasonable modification or accomodation who has a discrimination in complaint or grievances. Based on a permanent disability shalll follow the procedures described in section 3085. For the purpose of this section Permanent disabilty shall mean a disability/condition that is expected to last longer than six months.

5. California code of regulation title 15 §§ 3050(a) Provision of medical care and definitions (b),(b1),(b3),(b4),(b5).

6. Indeed Petitioner has complain about pain for a lengthy amount of time. Petitioner inability to sit for 30 minutes at a time has life activity hampers his ability to enjoy life pain free. Their has been no mention of surgical intervention , just large volumes of pills seldom theropy. These action(s) does not alleviate plaintiff condition. To know Plaintiff medical problem for this amount of time is to treat Plaintiff medical condition as well.

(4)

MEMORANDUM OF POINTS AND AUTHORITIES

a. DELIBERATE INDIFFERENCE.

The court however gave little guidance concerning the meaning of "diliberate Indifference" or "serious medical needs." It did suggest three examples of behavior that would violate the standard. First, it said that a violation would be established when the indifference is manifested by doctors in their response to the prisoner's needs."Id. at 104. As an example of the type of violation, it cited cases in which the inmate nurse gave the inmate the inappropriate treatment and then the doctor failed to follow the express post-operative directions of the surgeon who had operated on the prisoner."Id.

Second, the court said a violation would be established where the indifference in manifested...by prison gaurds in intentionally denying or delaying access to medical care."Id. At 104-105 (see also Carlson v. Green,446 U.S.14(1980) delay in treatment after Asthma attack and delay in transfer to hospital.) The court cited eight cases that were examples of "Denying" or "Delaying." Access 1.
1. Westlake v. Luicas,537 F2d 857,859(6th cir. 1976)(Inmate denied access to doctor for bleeding ulcer for eight days during which he " continued to suffer and repeated requests for medical assistance went unanswered");
Thomas v. Pate, 493 f2d 507, 508 (7th cir) cert denied. 419 US 819(1974)Ca delay of 15 days in removing some sutures while inmate was in punitive cinfinement caused his ear to be infected); Fitzke v. Shappell.468 F2d 1072 (6th cir 1972)allegations or denial medical attention for brain and leg injuries for 17 hours);Hutchens v. Alabama,466 f2d 507, 508(5th cir 1972)(Denial of Medical attention and medication which both procedures intolerable pain and further shortens life expectancy" for inmate with fatal cancer); Riley v. Ruay: 407 F2d 496(9th cir 1966)(Alleged failure to treat Tuberculosis);Edwards v. Ducan,335 F2d 993 (4th cir 1966) Alleged denial of medical care for heart condition recognized by doctor): Hughes v. Noble,295 F2d 495 (5th cir 1961)( denied medical care for dislocated and fractured cervical vertebreae.

Third, the court said a violation would establish were gaurds "Intentionally interfer(ed) with the treatment once proscribed."

(5)

b. Serious medical needs

More important, in the context of medical care is the "serious medical need" portion of the Estelle Standard. Indded, most of the medical care cases, whether challenging entire medical care systems or individual medical care, can be explained by application of the serious medical need "standard. McGuckin v. Smith, 974 F2d 1050,1061 (9th cir 1992).

Some courts have attempted to define "serious medical needs" outside the context of the specific medical condition. For example, a condition may not be life threatening to be deemed serious. Washington v. Dugger 865 F2d 1018 (11th cir 1988); Laaman v. Helgemde.437 F.supp.269,311(DNM 1977)(Even elective treatment recommended by phyican but not necessary in life or saving sense. May be constitutionally mandated upon a prisoner's election.").

Five factors have been held to be indictive of serious medical needs; First a medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment."Graudreault v. Municipality of Salem,923 F2d 203,208(1st cir 1990),cert denied., 11 sct 2266 (1991). Second a need is serious"if it is"one that that even a lay person would easily diagnize the necessary for a doctors "attention."Id. Third, a need is serious if it causes pain.see,e.g. McGaukin v. Smith.974 F2d 1050,1059-60(9th cir 1992)( Chronic and substantial pain.")Borreti v. Wiscomb.930 F2d 1150,1155 6th cir 1990 Pain inflicted When relief is readily available is actionable even if no lasting impact)East v. Lemons768 F2d 1000 (9th cir 1985)(Leg cramps)Ferinard V.Coughlin.642 F.supp 176,279(S.D.N 1986)("Pain, discomfort,DR risk to heath. ). Fourth, if the medical condition  significally affects an individual's daily acts." it may be deemed serious.Mcguakin V. Smith974 F2d 1050, 1059-50 (9th cir 1992). Finally, if the conditions offers the possibilities of a life long handicap or permanent loss."it may be considered serious. Monmouth County Correctional Institution Inmates v. Lanzara, 834 F2d 326,347 (3d cir 1987).

## MEMORANDUM OF POINTS AND AUTHORITIES

The court have also made clear that an inmate need not wait until harm occur for a court to find that serious needs are unmet. Helling v. Mckinney 113 s.ct.2475(1993); Laaman v. Helgemoe:437 F supp 269, 312 (DNH 1977).

c. Access to nessary treatment

When it becomes clear that an inmate is in need of medical attention the denial of such attention is a clear violation of the Constitution. Estelle v. Gamble: 429 US 97, 104-05 (1976) Hoptowit v. Ray 682 F2d 1237, 1252-55(9th cir 1982). The amount of acceptable delay can not be measured in terms or hours because it depends heavily on the seriousness of the need. Thus the delay of 15 minutes of a heart attack, A delay of 12-15 hours for an inmate with numbness in his leg states a cause of action); Archer v. Dutcher,733 F2d 14 (2d cir 1984)delay of 5 hours "in order to make (inmate) suffer" states a cause of action; Bass Ex rel Lewis v. Wallenstein,769 F2d 1173(7th cir 1985)(15 delay in responding to heart attack); McGuckin v. Smith ,974 F2d 1050,1062 (9th cir 1992)(seven month delay for surgery in which an inmate is in pain); Young v. Harris, 609 F.supp.1111(SDNY 1981)(one and a half years delay for a leg brace.).

When treatment is required it must be performed "compentenly." Estelle v. Gamble,429 US 97,104 (1976); Hoptowit v. Ray,682 F2d 1237,1252 (9th cir1982). While it is true that negligent administration of medical care is not unconstitutional and an inmate does not necessarily have the right to treatment he or she prefers, 1.seriously substandard treatment will support "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 US 97, 104-05(1976). 1.Estelle v. Gamble,429 US97, 105-06(1976); Shaffer v. McWilliams 570 F. Supp. 1422 (WDNY 1983)(Disagreement with doctor not enough): Tiller v. Owens, 719 F. Supp 1256, 1305 (WDPA 1989) (The Constitution does not gaurentee a prisoner the treatment of his choice.). Martinez v. Mancusi, 443 F2d 921(2d cir 1970)Where prison doctor did not even talk to surgeon and then violated surgeon's orders that inmate be prone after surgery); Eades v. Thomas, 823 F2d 1035(7th cir 1987)(Transfered with open wound and no mwdical records); Waldrop v. Evans,681 F. Supp. 840, 854 (MDGA 1988) doctor

removed inmate from medicine proscribed by outside doctor.

d. Application of law to Plaintiff

   a. Plaintiff has a serious medical condition

Applying the aboved stated legal standards to plaintiff it is clear that Plaintiff is suffering from serious medical condition. Recall that if any of the following five factors apply, the coundition:

   First, "A medical need is serious" if it one that has been diagnosed by a physician as mandated treatment."<u>Gaudreault v. Municipality of Salem</u>, 923 F2d 203,208 (1st cir 1990): Cert denied, 111S ct 2266(1991). Second, a need is serious if it is " one that is so obvious that even a lay person could easily recognize the necassity for a doctors attention."<u>Id.</u> Third, a need is serious if it causes pain.see e.g. <u>McGuakin v. Smith</u>, 974 F2d 1050, 1059-60(9th cir 1992)( "Chronic 2d substantial pain"); <u>Boretti v. Wiscomb</u>, 930 F2d 1150, 1155(6th cir 1990) Pain inflicted"when relief is readily availbale" is actionable even if no lasting impact); <u>Fast v. Lemons</u>,768 F2d 1000(9th cir 1985)(Leg cramps); <u>Farinard v. Coughlin</u>, 642 F. Supp 276, 279 (SDNY 1986)(Pain, discomfort, or risk to health"). Fourth, if the medical condition"significantly affects an individuals daily acts," it may be deemed seriuos. <u>McGuakin v. Smith</u>,974 F2d 1050, 1059-60 (9th cir 1992). Finally, if the conditions offer the possibility of a life long handicap or permanent loss" it may be considered serious. <u>Monmouth County Correctional Institution Inmate v. Lanzara</u> 834 F2d 326,347 (3d cir 1987).

MEMORANDUM OF POINTS AND AUTHORITY

Under essentially all factors, Plaintiff condition is serious. First, the Respondants had admitted that Plaintiff has a back problem" mandating treatment, under the fifth prong. it is clear that Paintiff suffers" Chronic back pain."If the condition offers the possibility of a life long handicap or permanent loss." it may be considered serious ( a condition that is constitutionally protected).

Finally, The condition offers the possibility of permanent loss see Declaration(s);

b. Respondent has been Deliberately Indifferent

As noted above, the court has said a violation of the Eighth Amendment would be established where the indifference is manifested...by prison gaurds in intentionally deny or denying access to medical care."Id. at 104-105(see also Carlson v. Green 446 U.S.14(1980).(Delaying treatment after Asthma attack and delay in transfer to hospital). The court cited Eight cases that were examples of "denying"or"delaying" access.

c. The purported "Treatment" constitutes an Eighth Amendment violation

Westlake v. Lukas, 537 F2d 857,859(6th cir 1976)(Inmate denied access to doctor for bleeding ulcer for eight days during which he "continued to suffer and his repeated request for medical assistance went unanswered").
Thomas v. Pate 493 F2d 507,508(7th cir)cert denied.419 US879(1974)(a delay of 15 days in removing some sutures while inmate was in punitive confinment caused his ear to be infected);Fitzke v. Shappell, 468 F2d 1072 (6th cir 1972) Allegation of denial medical attention for brain and leg ijuries for 17 hours): Hutchens v. Alabama 466 F2d 507,508(5th cir 1972) denial of medical attention and medication for both produces intolerate pain and further shortens life expectancy" For inmates with fatal cancer);Riley v. Rhay, 407 F2d 993 (4th cir 1969) Allege failure to treat Tuberculosis; Edwards v. Ducan, 355 F2d 993 (4th cir 1966) Allege denial of medical care for heart condition recognized by doctor: Hughes v. Noble, 295 F2d 495 (5th cir 1961) denied medical care for dislocated and fractured cervical vertebrae.

Conclusion based on the forgoing the allegation and arguements made in the initial writ Plaintiff respectfully request that his Federal Habeas Corpus be granted and his request remedies be granted.

DATED: 7/26/08

Mr. Manuel Hill
PRO SE LITIGANT
Mr. Manuel Hill #E45048

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Mr. Manuel Hill, declare:

I am over 18 years of age and a party to this action. I am a resident of Pelican Bay State Prison, in the county of Del Norte, State of California. My prison address is: B4 #228, P.O. Box 7500, Crescent City, California 95532.

On 7/24/08 (DATE),

I served the attached: Motion In Opposition To Dismiss

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Lisa Sciandra, Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 7/24/08 (DATE)    Mr. Manuel Hill (DECLARANT'S SIGNATURE)

**LEGAL MAIL**

CDCR — CRESCENT CITY, CA 95532

Office of The Clerk, U.S. District Court
Northern District of California
280 South First Street, Room 2112
San Jose, California
95113-3095

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532





UNITED STATES POSTAGE
PITNEY BOWES
$ 01.85⁰
02 1M
C004217666  JUL 28 2008
MAILED FROM ZIPCODE 95531

7-28-08

PELICAN BAY
G.P. UNIT P-4

PELICAN BAY
G.P. UNIT P-4