1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | ROCHELLE C. EAST
Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | LISA SCIANDRA, State Bar No. 246532
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 |  Telephone:  (415) 703-5846
Fax:  (415) 703-5480
8 |  Email:  Lisa.Sciandra@doj.ca.gov

9 | Attorneys for Defendants Hickman and Horel

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN JOSE DIVISION

14

15 | **MANUEL HILL,**                                    Case No. C 07-5125 JF

16 |                                      Plaintiff,      **DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION
17 |          v.                                         TO DISMISS**

| **RODERICK HICKMAN, et al.,**

18 |                                     Defendants.

19

20 | **INTRODUCTION**

21 |       This action should be dismissed under Federal Rule of Civil Procedure 12(b) because

22 | Plaintiff Manuel Hill (Plaintiff) failed to exhaust his available administrative remedies before

23 | filing suit.  In this action, the Court recognized a single Eighth Amendment claim against

24 | Defendants Hickman and Horel (Defendants) for deliberate indifference to Plaintiff's serious

25 | medical needs based on Plaintiff's allegations that he did not receive adequate medical care after

26 | he slipped in a shower at Pelican Bay State Prison (Pelican Bay) and injured his back.  (Order of

27 | Service, Docket No. 6, at 2:17-20.)  But the two inmate appeals that Plaintiff alleges support his

28 | Eighth Amendment claim fail to exhaust that claim.  One appeal concerns a different subject than

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. to Dismiss                          *M. Hill v. R. Hickman, et al.*
C 07-5125 JF

1

1  the claim, and the other appeal was not submitted through the requisite third level of review.

2  Accordingly, this action should be dismissed.

3

4                                    **ARGUMENT**

   **THIS ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO**
5  **EXHAUST HIS ADMINISTRATIVE REMEDIES.**

6  **A.    The PLRA Requires that Inmates Exhaust Available Administrative Remedies.**

7       The PLRA requires that an inmate exhaust all available administrative remedies before

8  filing a civil rights action. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002);

9  *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Moreover, the Supreme Court

10 has held that exhaustion of available remedies requires inmates to "properly exhaust," meaning

11 that "prisoners must complete the administrative review process in accordance with the

12 applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison

13 grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and

14 quotation marks omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 87 (2006)).  Therefore,

15 "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to

16 'properly exhaust.'" *Id.*

17      The State of California allows inmates to appeal "any departmental decision, action,

18 condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

19 Cal. Code Regs. tit. 15, § 3084.1.  The appeal process in California consists of these levels of

20 review: (1) informal level; (2) first formal level; (3) second formal level; and (3) third formal

21 level, also known as the Director's level review. *Id.* § 3084.5.  A decision at the third formal

22 level, or Director's level, of review constitutes exhaustion of available administrative remedies.

23 *Id.* §§ 3084.1(a), 3084.5(e)(2).

24

   **B.    Appeal Log Number PBSP 05-02880 Does Not Exhaust Plaintiff's Eighth**
25 **Amendment Claim Because it Concerns a Different Subject.**

26      Plaintiff's appeal log number PBSP 05-02880 does not concern the same subject as

27 Plaintiff's Eighth Amendment claim.  The PLRA's exhaustion requirement exists in part to give

28 the agency "'an opportunity to correct its own mistakes with respect to the programs it

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. to Dismiss                    *M. Hill v. R. Hickman, et al.*
                                                                         C 07-5125 JF

1  administers before it is haled into federal court.'" *Woodford*, 548 U.S. at 89 (quoting *McCarthy*

2  *v. Madigan*, 503 U.S. 140, 145 (1992)).  Additionally, in the Ninth Circuit, administrative

3  remedies are not exhausted when the inmate appeal does not have the same subject and same

4  request for relief as the claim asserted in the complaint. *See O'Guinn v. Lovelock Correctional*

5  *Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007).

6      Plaintiff alleges in appeal log number PBSP 05-02880 that the showers in his housing unit

7  are not safe because there are no slip-prevention measures. (Decl. Wilber Ex. B; Compl. Ex. A

8  at 2.)  But Plaintiff alleges in his complaint that he did not receive adequate medical care after he

9  slipped in a shower at Pelican Bay and injured his back.  (Order of Service, Docket No. 6 at 2:17-

10  20.)  These are two different subjects.  Because the inmate appeal does not concern the same

11  subject as the claim asserted in the complaint, it does not exhaust that claim.  *O'Guinn*, 502 F.3d

12  at 1062-63.  Therefore, Plaintiff's claim should be dismissed for failure to exhaust under the

13  PLRA.

14

15  **C.   Plaintiff Failed to Exhaust Appeal Log Number PBSP 05-02833 Because He Did Not Pursue It Through the Requisite Third Level of Review.**

16      Plaintiff failed to exhaust appeal log number PBSP 05-02833 through the requisite third

17  level of review.  Under California prison grievance procedures, a decision at the third formal

18  level—or Director's level—of review constitutes exhaustion of available administrative

19  remedies. Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5(e)(2); (Decl. Grannis ¶ 3).  In appeal log

20  number PBSP 05-02833, Plaintiff alleges that he has not received adequate medical care for his

21  back injury. (Decl. Wilber Ex. C; Compl. Ex. D at 50.)  This appeal was granted at the second

22  level of review. (Decl. Wilber Ex. C; Compl. Ex. D at 52.)  Plaintiff failed to submit the appeal

23  to the third level of review. (Decl. Grannis Ex. C.)

24      Plaintiff incorrectly argues in his opposition that he is not required to submit his appeal to

25  the third level of review because he received some relief at a lower level of review.  (Pl.'s Opp. at

26  3 ¶ B.1-2.)  In the Ninth Circuit, inmates must submit grievances to the final level of review

27  unless no further review or relief remains available. *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th

28  Cir. 2005).  In *Brown*, the Court found that an inmate who filed suit before submitting his appeal

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. to Dismiss                          *M. Hill v. R. Hickman, et al.*
C 07-5125 JF

3

1 │ for Director's level review failed to exhaust when the second level review granted some relief but

2 │ also advised the inmate that he could appeal to the third level of review. *Id.* at 941-42.

3 │      Here, Plaintiff's second level appeal response clearly states, "The appellant is advised that

4 │ *this issue may be submitted for a Director's Level of Review* if desired." (Decl. Wilber Ex. C at

5 │ unnumbered page 6; Compl. Ex. D at 52; emphasis added.) Thus further review or relief

6 │ remained available to Plaintiff. Additionally, the preprinted inmate appeal form instructs inmates

7 │ to appeal to the third level of review if they are dissatisfied with the second level response. (*Id.*,

8 │ preprinted form at part H.) In his opposition, Plaintiff alleges that he was dissatisfied with the

9 │ treatment he received, and that he should have been given more medical attention the months

10 │ after his alleged back injury. (Docket No. 14 at 3 ¶ B.3.) Because he was dissatisfied, and

11 │ because review and relief remained available to him, Plaintiff should have pursued this appeal

12 │ through the third level of review. Plaintiff, however, failed to do so. (Decl. Grannis at Ex. C.)

13 │ Therefore Plaintiff failed to exhaust this appeal, and his claim should be dismissed under the

14 │ PLRA.

15 │ ///

16 │ ///

17 │ ///

18 │ ///

19 │ ///

20 │ ///

21 │ ///

22 │ ///

23 │ ///

24 │ ///

25 │ ///

26 │ ///

27 │ ///

28 │ ///

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. to Dismiss

*M. Hill v. R. Hickman, et al.*
C 07-5125 JF

1

## CONCLUSION

2      Defendant respectfully requests that the court dismiss this action under Federal Rule of

3   Civil Procedure 12(b) because Plaintiff failed to exhaust his available administrative appeals for

4   the claim in this action.

5      Dated:  September 15, 2008

6                          Respectfully submitted,

7                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

8                          DAVID S. CHANEY
                           Chief Assistant Attorney General

9

10                         ROCHELLE C. EAST
                           Senior Assistant Attorney General

11                         JONATHAN L. WOLFF
                           Supervising Deputy Attorney General

12

13

14

15                         LISA SCIANDRA
                           Deputy Attorney General
                           Attorneys for Defendants Hickman and Horel

16

17

18   20141421.wpd
     SF2008401059

19

20

21

22

23

24

25

26

27

28

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. to Dismiss                    *M. Hill v. R. Hickman, et al.*
                                                                   C 07-5125 JF

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **M. Hill v. R. Hickman, et al.**

No.:    **C 07-5125 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 15, 2008**, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Manuel Hill (E-45048)
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 15, 2008**, at San Francisco, California.

| M. Luna | M. Luna |
| :---: | :---: |
| Declarant | Signature |

20144409.wpd